**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

RAYMOND WASHINGTON, #16089-078,  )
                                  )
                    **Plaintiff,**  )
                                  )
vs.                               )         **Case No. 26-cv-00128-JPG**
                                  )
U.S. MARSHALS and                 )
PULASKI COUNTY DETENTION          )
CENTER,                           )
                                  )
                    **Defendants.**  )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Raymond Washington filed this action against the U.S. Marshals and Pulaski County Detention Center (Jail) for claims stemming from his allegedly unconstitutional conditions of confinement at the Jail. (Doc. 1). Plaintiff originally mailed the Complaint without a $405.00 filing fee to the United States District Court for the Eastern District of Texas on January 30, 2026. *Id*. The case was transferred to this federal judicial district on February 4, 2026. (Doc. 4). Because Plaintiff was in detention when he commenced this action, it is subject to the Prison Litigation Reform Act (PLRA), which includes procedures for prepaying the filing fee (or filing an application to pay it in installments) and preliminary merits review.

On February 5, 2026, the Court entered a Notice and Order requiring Plaintiff to either prepay the $405.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis* (IFP) by March 7, 2026. (Doc. 6). Plaintiff was warned that failure to comply with the deadline could result in sanctions that include dismissal of this action. *Id*. To date, Plaintiff has not paid the filing fee or filed an IFP motion. The deadline for doing so expired, and he has not requested an extension.

1

The Court also entered a separate Notice requiring Plaintiff to file a signed Consent/Non-Consent to Proceed Before Magistrate Judge Jurisdiction Form by February 26, 2026.  (Doc. 5).  Plaintiff was warned that failure to comply with the deadline could also result in sanctions that include dismissal.  *Id*.  Plaintiff missed the deadline, and the Court *sua sponte* extended this deadline to March 5, 2026.  (Doc. 8).  Plaintiff missed the extended deadline, and the Court has not received his Consent/Non-Consent form or any request for additional time to file it.

The Court nevertheless screened the Complaint (Doc. 1) without delay due to the nature of the allegations and the relief requested, including a medical hearing, release from custody, and/or money damages.  (Doc. 7).  However, the Complaint did not survive review under 28 U.S.C. § 1915A, and the Court ordered Plaintiff to take the following action by March 9, 2026: (1) file a Petition for Writ of Habeas Corpus under 28 U.S.C. Sec. 2241; (2) file an Amended Complaint under 28 U.S.C. § 1331; or (3) file a Motion to Voluntarily Dismiss Case.  (Doc. 7).  Plaintiff did not respond to this Order (Doc. 7) or seek an extension of time to do so.

Plaintiff has missed all deadlines in this case.  This includes the deadlines for prepaying the filing fee of $405.00 or filing an IFP Motion, the deadline for filing his Consent/Non-Consent form, and the deadline for filing a First Amended Complaint or other pleading.  By all indications, Plaintiff has abandoned his claims in this case.  The Court will not allow this matter to linger.

## Disposition

This action is **DISMISSED** without prejudice for failure to comply with Orders of this Court (Docs. 5-8) and for want of prosecution.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was opened, so the fee of $405.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  However, the Clerk's Office will make no attempt to collect filing fee payments from Plaintiff at this time.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 18, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3